**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 03-1167-PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER DENYING** |
| | ) | **MOTION TO DISMISS** |
| Robert J. Johnston, | ) | **COUNT ONE** |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Robert J. Johnston's Motion to Dismiss Count One of the Indictment. (Dkt. 948.) The Government filed a response opposing Defendant's motion. (Dkt. 1051.) No reply has been filed.

**DISCUSSION**

Count One of the Second Superceding Indictment ("Indictment") charges Defendant Johnston with racketeering under the Racketeer Influenced and Corrupt Organization Act ("RICO"), in violation of 18 U.S.C. § 1962(c). (Dkt. 541.) Defendant argues that there is insufficient evidence to support a showing that he committed two of the predicate acts set forth in the Indictment, and that the Indictment therefore fails show that he participated in a pattern of racketeering activities as required under § 1962(c). (Dkt. 948.) Defendant requests an evidentiary hearing. For the reasons set forth below, Defendant's motion will be denied.

The Ninth Circuit has explained that "[a] motion to dismiss an indictment cannot be used as a device for a summary trial of the evidence." United States v. Jensen, 93 F.3d 667, 669 (9th Cir.1996) (citation omitted). Therefore, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." Id. (citation omitted).

In considering a pretrial motion to dismiss an indictment for failure to state an offense, the Court must accept the truth of the allegations in the indictment. Id. The Court is bound by the four corners of the indictment. United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002); see Jensen, 93 F.3d at 669. "The indictment either states an offense or it doesn't." Boren, 278 F.3d at 91. "There is no need for an evidentiary hearing," id., and the Court "should not consider evidence not appearing on the face of the indictment," Jensen, 93 F.3d at 669.

An indictment that follows statutory language is sufficient if the statute sets forth the elements of the crime. United States v. Zavala, 839 F.2d 523, 526 (9th Cir. 1988) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)); United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995) ("Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged"). The Indictment here follows the statutory language of § 1962(c) and is therefore sufficient.

Defendant cites United States v. Sanders, 929 F.2d 1466 (10th Cir. 1991), abrogated in part by Salinas v. United States, 522 U.S. 52 (1997), and United States v. Walgren, 885 F.2d 1417 (9th Cir. 1989), for the proposition that a RICO conviction cannot stand where convictions for the predicate acts have been vacated. These cases are irrelevant to the issue raised in Defendant's motion, which seeks a pretrial order dismissing Count One for insufficient evidence. As noted above, Ninth Circuit law clearly holds that this Court can

1  grant neither the motion for dismissal nor the request for an evidentiary hearing.  <u>Jensen</u>,
2  93 F.2d at 669.

3  **IT IS ORDERED** that Defendant's motion to dismiss Count One of the Indictment
4  (Dkt. 948) is **denied**.

5  DATED this 2nd day of February, 2006.

———
David G. Campbell
United States District Judge