**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-03-1167-PHX-DGC |
| | ) | |
| Plaintiff, | ) | **ORDER ON MOTIONS FOR** |
| | ) | **GRAND JURY TRANSCRIPTS** |
| vs. | ) | **AND TO DISMISS FOR** |
| | ) | **MISCONDUCT BEFORE** |
| | ) | **GRAND JURY** |
| Robert Johnston (1); Donald Smith (2); | ) | |
| and Craig Kelly (12), et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pending before the Court are motions to produce grand jury transcripts filed by Defendants Robert Johnston, Craig Kelly, and Donald Smith. Docs. ##950, 967, 994. Also pending is a motion to dismiss indictment for governmental misconduct before the grand jury filed by Defendant Johnston. Doc. #951. The Government has filed responses and Defendants have filed replies. Docs. ##1083-84, 1086-87, 1135-36, 1164. For the reasons set forth below, the Court will deny the motions.

**I.     The Motions to Produce Grand Jury Transcripts.**

   **A.     Legal Standard.**

A request for grand jury information is within the sound discretion of the Court. *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986). The Court should order disclosure of grand jury transcripts "when the party seeking them has demonstrated that a 'particularized need exists which outweighs the policy of secrecy.'" *Id.* (quoting

1  *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959)); *see Dennis v. United*

2  *States*, 384 U.S. 855, 870 (1966) (affirming the "particularized need" standard).  Under Rule

3  6(e) of the Federal Rules of Criminal Procedure, the Court "may authorize disclosure . . . of

4  a grand-jury matter . . . at the request of a [D]efendant who shows that a ground may exist

5  to dismiss the indictment because of a matter that occurred before the grand jury[.]"  Fed.

6  R. Crim. P. 6(e)(3)(E)(ii); *see Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 219-

7  22 (1979) (discussing the purposes behind grand jury secrecy and stating that "[p]arties

8  seeking grand jury transcripts under Rule 6(e) must show that the material they seek is

9  needed to avoid a possible injustice in another judicial proceeding, that the need for

10 disclosure is greater than the need for continued secrecy, and that their request is

11 structured to cover only material so needed.").

12         **B.      Defendant Kelly's Motion.**

13         Defendant Kelly is charged in count five of the second superseding indictment with

14 assaulting Daniel Gutierrez with a dangerous weapon.  Doc. #541 at 12-13.  Kelly states that

15 he has recently discovered a report of investigation that contains a confession by a

16 Mr. McHugh that McHugh, not Kelly, assaulted Gutierrez.  Doc. #967 at 1, Ex. 1.  Kelly

17 contends that "it is almost a certainty that the Government did not present McHugh's

18 confession to the grand jurors[.]"  *Id*. at 2.  Kelly further contends that it is likely that a

19 Government witness made a false statement that was necessary to the grand jurors' finding

20 of probable cause that led to the indictments against him.  *Id*.

21         To the extent Kelly seeks the transcripts to challenge the probable cause findings

22 made by the grand juries in this matter, such a challenge would be impermissible.

23 "An indictment cannot be attacked on the ground that the evidence before the grand jury

24 was incompetent or inadequate."  *United States v. Vallez*, 653 F.2d 403, 406 (9th Cir. 1981);

25 *see United States v. Tham*, 665 F.2d 855, 863 (9th Cir. 1981) ("[A] grand jury need not be

26 advised of all matters concerning credibility[.]"); *United States v. Al Mudarris*, 695 F.2d

27 1182, 1185 (9th Cir. 1983) ("The prosecutor has no duty to present to the grand jury all

28 matters bearing on credibility of witnesses or any exculpatory evidence.").  Kelly's desire

to have the grand jury transcripts as a discovery tool to help him prepare a motion to dismiss the indictment does not constitute a particularized need that outweighs the policy of secrecy. *See Walczak*, 783 F.2d at 857 (affirming denial of a motion to discover grand jury transcript because the defendant failed to show a "particularized need" where he merely speculated that false testimony of law enforcement officers was presented to the grand jury); *United States v. Proctor & Gamble*, 356 U.S. 677, 681-83 (1958) (holding that the mere showing of the "relevancy and usefulness" of grand jury transcripts was insufficient to overcome the "long-established policy that maintains the secrecy of grand jury proceedings in federal courts").

Kelly also moves for the disclosure of grand jury transcripts on the ground that the transcripts may serve as the basis for a motion for a *Franks* hearing. Doc. #967 (citing *Franks v. Delaware*, 438 U.S. 154 (1978) (holding that under the Fourth Amendment a defendant is entitled to an evidentiary hearing to challenge the legality of a warrant where the defendant shows that the warrant affidavit contained a falsehood necessary to the probable cause determination supporting the warrant)). Defendant Kelly does not explain, however, how the grand jury transcripts would support a motion for a *Franks* hearing. *See* Doc. #967. Nor does he cite any legal authority suggesting that the transcripts should be disclosed to help him prepare such a motion. Rule 6(e) authorizes the disclosure of a grand jury transcripts where a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Fed. R. Civ. P. 6(e)(3)(E)(ii); *see United States v. Murray*, 751 F.2d 1528, 1533-34 (9th Cir. 1985) (holding that the "alleged instances of prosecutorial and grand jury misconduct . . . [did] not amount to the particularized need required to outweigh the secrecy of the grand jury proceedings" because the "claimed misconduct would not have compelled the dismissal of the . . . indictment"). The granting of a motion for a *Franks* hearing would not compel the dismissal of the indictment.

**C.    Defendant Smith's Motion.**

Defendant Smith is charged with violations of the RICO statute and RICO

1    conspiracy in counts one and two of the second superseding indictment, respectively.

2    Doc. #541 at 3-10. Two specific racketeering acts are alleged against Smith:   attempted

3    murder during the Laughlin shooting incident and conspiracy to distribute

4    methamphetamine. *Id.* ¶¶ 10, 13(a).

5        Defendant Smith contends that the discovery to date does not support these

6    racketeering acts. Doc. #994 at 6-11, Exs. A-F.   Smith states that video footage from the

7    Harrah's Casino in Laughlin shows that he took no part in the shootout.   *Id.* at 7; *see* Doc.

8    #1014, Ex. X.  Smith further states that a report of investigation and electronic surveillance

9    show that he did not participate in the methamphetamine transaction involving Defendant

10   Denbesten and a confidential informant and an undercover officer.   Docs. ##944 at 8-9,

11   1164 at 4-5, Ex. A-B.  Smith believes that the Government either has failed in its disclosure

12   obligations or has presented false evidence to the grand juries. Doc. #944 at 10-13. Smith

13   moves for the disclosure of grand jury transcripts pursuant to Rule 6(e)(3)(E)(ii), claiming

14   that a ground may exist to dismiss the indictment because "'[t]he Due Process Clause of

15   the Fifth Amendment is violated when a defendant has to stand trial on an indictment

16   which the [G]overnment knows is based partially on perjured testimony.'"   *Id.* at 5 (quoting

17   *United States v. Basurto*, 497 F.2d 781, 785 (9th Cir. 1974)).

18       Defendant Smith has failed to show a particularized need for grand jury transcripts

19   that outweighs the policy of secrecy.   Smith states that "[i]t is hard to imagine what

20   evidence was presented to the grand juries" and that "the most likely explanation is that

21   the [G]overnment presented [his] guilt . . . through membership and association in the

22   HAMC." *Id.* at 7.  Such speculation is insufficient to obtain the disclosure of grand jury

23   transcripts under Rule 6(e).  *See Walczak*, 783 F.2d at 857.

24       Defendant Smith's reliance on *Basurto* is misplaced.  The issue in that case was the

25   duty of a prosecutor upon learning that a witness had perjured himself before the grand

26   jury.  497 F.2d at 784.  The Ninth Circuit held that the prosecutor has a "duty to immediately

27   inform the court and opposing counsel . . . in order that appropriate action may be taken."

28   *Id.* at 786.  The Ninth Circuit made clear, however, that without evidence of perjury before

the grand jury, "no independent inquiry may be made to determine the kind of evidence considered by the grand jury in making its decision." *Id.* at 785; *see Bank of Nova Scotia v. United States*, 487 U.S. 250, 261 (1988) (holding that an indictment valid on its face may not be challenged on the ground that unreliable or incompetent evidence was presented to the grand jury). The Court will deny Smith's motion.

**D.     Defendant Johnston's Motion.**

Defendant Johnston moves for  the disclosure of grand jury transcripts on the ground that the Government presented false evidence to the grand juries in this matter. Doc. #950 at 4.  Johnston contends that the Government forced confidential informant Rudolph Kramer to lie before the grand juries.  *Id.*  Johnson further contends that the Government presented to the grand juries Agent Slatella's search warrant affidavit, which states that HAMC officers report back to members about criminal activities discussed at officers' meetings and keep records that indicate proceeds of criminal activities. *Id.*

**1.     Kramer's Testimony.**

In an October 18, 2005 order, the Court denied Defendant Johnston's initial motion for disclosure of grand jury transcripts because his own evidence showed that Kramer did not lie or sign any false statements.  Doc. #844 at 10 (citing Doc. #707 Ex. A).  Johnston requests the Court to reconsider that ruling.  Doc. #950 at 4.  Johnston, however, has presented no new evidence showing that Kramer in fact lied or signed a false statement. *See id.*  The Court will deny Defendant Johnston's requests to reconsider its prior ruling. *See United States v. Thompson*, 493 F.2d 305, 309 & n.4 (9th Cir. 1974) ("The denial of [defendants'] pretrial motion for disclosure of grand jury testimony was proper since there was no demonstration of any 'particularized need' to examine the testimony[.]").

**2.     Agent Slatella's Affidavit.**

Defendant Johnston argues that Agent Slatella's affidavit contains statements that are unsupported by the investigation and discovery in this case.  Doc. #950 at 6-10. Johnston contends that the grand jury transcripts are thus germane to providing detailed support for a motion to dismiss based on alleged improprieties occurring before the grand

1   juries. *Id.* at 7.

2       "The general rule in this circuit is that no independent inquiry will be made into the

3   kind of evidence presented to a grand jury[.]" *Tham*, 665 F.2d at 863 (citing *Basurto*, 497

4   F.2d at 785); *see Vallez*, 653 F.2d at 406; *Al Mudarris*, 695 F.2d at 1185; *Bank of Nova*

5   *Scotia*, 487 U.S. at 261.   Moreover, Defendant Johnston has failed to show that Agent

6   Slatella's affidavit was presented to the grand juries in this matter.   Johnston's desire to

7   have the grand jury transcripts as a discovery tool to help him prepare a motion to dismiss

8   does not constitute a particularized need that outweighs the policy of secrecy.   *See*

9   *Proctor & Gamble*, 356 U.S. at 681-83; *Walczak*, 783 F.2d at 857; *United States v. Bennett*,

10  702 F.2d 833, 836 (9th Cir. 1983) (holding that the district court properly denied the

11  defendant's motion for disclosure of grand jury transcripts because "[t]he defendant's

12  assertion that he ha[d] no way of knowing whether prosecutorial misconduct occurred

13  [did] not constitute a particularized need outweighing the need for grand jury secrecy").

14  The Court will deny Defendant Johnston's motion.

15  **II.    Defendant Johnston's Motion to Dismiss Indictment.**

16      "Dismissal of an indictment is considered a 'drastic step' and is generally disfavored

17  as a remedy." *Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (quoting *United States v.*

18  *Rogers*, 751 F.2d 1074, 1076-77 (9th Cir. 1985)).   Defendant Johnston thus "carries a difficult

19  burden" in challenging the indictment in this matter.  *Al Mudarris*, 695 F.2d at 1184.  "He

20  must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the

21  grand jury or significantly impaired its ability to exercise independent judgment." *Id.*

22  He also must demonstrate that the misconduct prejudiced him.  *See Bank of Nova Scotia*,

23  487 U.S. at 254 ("[A] district court may not dismiss an indictment for errors in grand jury

24  proceedings unless such errors prejudiced the defendants."); *United States v. Venegas*,

25  800 F.2d 868, 869 (9th Cir. 1986) (a defendant who challenges an indictment based on

26  prosecutorial misconduct "bears a heavy burden" and must show that the misconduct was

27  prejudicial).

28      Defendant Johnston contends that his due process rights were violated because the

1    Government knowingly presented to the grand juries false testimony from Rudolph Kramer
2    and Agent Slatella. Doc. #951 at 5-9. As explained above, however, Kramer states that he
3    did not lie or sign any false statements. *See* Doc. #844 at 10 (citing Doc. #707 Ex. A).
4    Defendant Johnston has failed to show that Agent Slatella's affidavit was presented to the
5    grand juries. Moreover, he bases his contention that the affidavit contains falsehoods
6    solely on the fact that the discovery to date does not support the statements made in the
7    affidavit. Doc. #951 at 7. These arguments do not satisfy Defendant's heavy burden of
8    showing flagrant prosecutorial misconduct before the grand jury. *See Bank of Nova*
9    *Scotia*, 487 U.S. at 260-61 (finding no prosecutorial misconduct where IRS agents gave
10   misleading and inaccurate summaries to the grand jury); *Muna*, 999 F.2d at 399 (holding
11   that the district court did not err in refusing to dismiss an indictment on the ground that
12   the prosecutor failed to present exculpatory evidence to the grand jury); *Tham*, 665 F.2d
13   at 863 (affirming the denial of a motion to dismiss and stating: "We have held that a grand
14   jury need not be advised of all matters concerning credibility, and that dismissal is only
15   required in extreme situations, as where the prosecutor knowingly presents perjured
16   testimony."). The Court will deny Defendant Johnston's motion to dismiss the indictment.
17       The Court also will deny Defendant Johnston's request for an evidentiary hearing
18   on his motions. *See* Docs. #950-51. Johnston contends that an evidentiary hearing is
19   needed to resolve the purported "factual disputes" as to whether Kramer was telling the
20   truth when he stated that he did not lie and whether the discovery to date supports Agent
21   Slatella's testimony. Docs. ##1135-36. Johnston essentially wants to conduct discovery
22   via an evidentiary hearing. This is an insufficient reason for holding an evidentiary
23   hearing.

24       **IT IS ORDERED:**

25       1.    The motions to produce grand jury transcripts filed by Defendants Robert
26   Johnston, Craig Kelly, and Donald Smith (Docs. ##950, 967, 994) are **denied**.

27

28

2.    The motion to dismiss indictment filed by Defendant Robert Johnston (Doc. #951) is **denied**.

DATED this 3rd day of February, 2006.

David G. Campbell
United States District Judge